### The James H. Brewster.

### The Champion.

### The Lawtelle.

### The James H. Brewster *v.* The Champion *et al.*

(*District Court, E. D. Pennsylvania.* February 7, 1888.)

1. TOWAGE—GROUNDING OF TOW—BURDEN OF PROOF.
   A barge was grounded, while in charge of a tug, without any fault of her own. If the accident occurred where the libelant's witnesses say that it did, it was at a place which was known to be dangerous. The defense claimed that it occurred in the customary channel, and in consequence of extraordi-

narily low water. There was nothing in the evidence to sustain the allegation of extraordinarily low water, except the fact of the grounding; no evidence that any other such vessel grounded in the channel about the same time, nor that any such vessel ever grounded at the point where respondents claim that this occurred. *Held*, that the burden of proof was on the defense, and that the evidence was insufficient to sustain their position.

2. SAME—GROUNDING OF TOW—DAMAGES—REPAIR.

When, through the negligence of the tug, a tow is run aground and damaged, and subsequently the owners of the tug put the tow in as good condition as she was in before the accident, damages can be recovered only for the unnecessary delay caused thereby.

In Admiralty. Libel for damages.

*Flanders & Pugh*, for libelant.

*Driver & Coulston*, for respondents.

BUTLER, J. The Brewster was injured by grounding, while in charge of the respondents, without any fault of her own. The defense is inevitable accident; that she grounded in the customary channel, in consequence of extraordinary low water. The witnesses on the one side and the other disagree respecting the point at which she grounded. If it is where the libelant's witnesses say, the defense fails. The barge should not have been taken there. The place was dangerous, and known to be so. If it occurred elsewhere, the result must be the same. There is nothing in the evidence to justify the allegation of extraordinarily low water, except the fact of grounding; no evidence that any other such vessel grounded in the channel about the same time, or that such a vessel ever grounded at the point where the respondents assert that this occurred. No reason is shown or suggested for the extraordinary shallowness of the water set up. The burden is on respondents, and the evidence is insufficient to sustain their position. The weight of the evidence justifies a belief that the respondents' witnesses are mistaken respecting the point where the grounding occurred. After the injury the respondents took charge of the vessel, and had her repaired. They showed a commendable desire to discharge their duty towards her. If the repairs put her in as good condition as she was before the accident, the libelant is entitled to nothing, unless it be for delay. The case must go to a commissioner on this question.